No. 13230

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

_____

TREASURE STATE GAMES, INC.,

               Plaintiffs and Respondents,

   -vs-

THE STATE OF MONTANA, LEWIS AND CLARK
COUNTY AND THOMAS F. DOWLING as County
Attorney of Lewis and Clark County,

               Defendants and Appellants.

_____

Appeal from:  District Court of the First Judicial District,
            Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

    For Appellants:

        Hon. Robert L. Woodahl, Attorney General, Helena,
          Montana
        Thomas A. Budewitz, Assistant Attorney General,
        argued, Helena, Montana

    For Respondents:

        Harrison, Loendorf and Poston, Helena, Montana
        John P. Poston argued, Helena, Montana

_____

                  Submitted:  April 22, 1976

                  Decided: JUL 7 1976

Filed: JUL 1976

*Thomas J. Kearney*
                Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a declaratory judgment entered in the district court, Lewis and Clark County, adjudging electronic bingo and keno to be legal under Montana's Bingo and Raffles Law, and declaring legal plaintiff's specific electronic games called Bonus Bingo and Raven Keno.

Early in 1975, plaintiff corporation requested the county attorney of Lewis and Clark County and the attorney general's office to view certain electronic games to determine if such games were legal under the Bingo and Raffles Law, Title 62, Chapter 7, R.C.M. 1947. After representatives of both offices viewed the games and the Lewis and Clark County attorney issued his legal opinion the games were legal, plaintiff commenced operating Bonus Bingo and Raven Keno games in Lewis and Clark County.

During the 1975 Montana legislative session several amendments were introduced in the Senate to House Bill No. 36, a proposed amendment to section 62-716, R.C.M. 1947, of the Montana Bingo and Raffles Law. Some of these senate amendments were for the purpose of banning electronic bingo and keno, thus making plaintiff's Bonus Bingo and Raven Keno games illegal. House Bill No. 36 failed to pass.

On June 23, 1975, the attorney general issued his Opinion No. 7, Vol. 36, which held plaintiff's games were illegal under the Montana Bingo and Raffles Law. Plaintiff then initiated an action in Lewis and Clark County district court, seeking a declaratory judgment as to the legality of electronic bingo and keno in general, and Bonus Bingo and Raven Keno games in particular. The matter was

heard by Hon. Peter G. Meloy, sitting without a jury. Declaratory

judgment was entered in favor of plaintiff corporation September 12,

1975. The pertinent parts of the Findings of Fact, Opinion and

Conclusions of Law of the district court, dated September 12, 1975,

are:

> "4. That the plaintiff has at all times acted in
> good faith and in full compliance with all licensing
> requirements of all the levels of government.
>
> "* * *
>
> "6. That there are many variations of the game of Bingo.
> Some of the variations do not require a winner each time
> a game is played."

In subsections, under the district court's finding of fact No. 6,

above, the more commonly known types of bingo games are described

such as "blackout" where all numbers must be covered and a given

number of numbers drawn and if no bingo, there is no winner.

Diagonal bingo, a more commonly known game where the required number

of numbers are lined up diagonal, the center number may or may not,

be a free space, and if no bingo after the required number of

numbers are drawn, there is no winner. All numbers must be selected

at random.

> "9. All of the many variations of Bingo are currently
> played live in duly licensed establishments in Montana.
> The defendants concede that the variation of Bingo as
> set forth above and which is played in the licensed com-
> mercial Bingo establishments is lawful under the Montana
> Bingo and Raffle Law of 1974.
>
> "10. That the plaintiff's Bonus Bingo Game duplicates
> in all salient respects, one variation of the live game
> of Bingo which the defendants concede to be lawful and
> that is currently played in licensed commercial estab-
> lishments in Montana under the Bingo and Raffle Law of
> 1974.
>
> "11. That the game of Keno fits within the definition
> of Bingo and such a game is allowable in Montana under
> the Bingo and Raffle Law of 1974.

"12. That the game of Keno is currently played in Montana and the defendants concede said game is lawful under the Bingo and Raffle Law of 1974.

"13. That the plaintiff's Raven Keno game duplicates, in all salient respects, the live game of Keno as is currently played in licensed establishments in Montana.

"* * *

"The Attorney General has held that 'Bingo' is an authorized form of gambling by virtue of Sections 62-715 through 62-726, Revised Codes of Montana, and has held that the game of 'Keno' is included by the definition of Bingo in Section 62-716, as an authorized form of gambling.

"* * *

"The essence of the bingo game is simply defined in the statute and the only requirements are: (1) awarding of prizes (2) selection of numbers or symbols on a card (3) random selection of numbers to conform to the winning selections.

"There are many varities of the game of 'Bingo' and had the legislature intended to specify and limit the types of 'Bingo' games that could be played it would have done so.

"It is significant that the 1975 legislature refused to enact an amendment which would have specifically prohibited the electronic machine type of 'Bingo' and 'Keno' games.

"It is the opinion of this Court that the so called devices in question here (ie) the 'Bonus Bingo Game' and the 'Raven Keno Game' are lawful games within the meaning of the statute.

"CONCLUSIONS OF LAW

"1. That the Montana Bingo and Raffles Law does not prohibit Bingo or Keno to be played on electronic Bingo and Keno games.

"2. That the plaintiff's Bonus Bingo Game and Raven Keno Game are lawful under the Montana Bingo and Raffles Law of 1974.

"Let judgment be entered accordingly."

From the final judgment of the district court, defendant appeals, and presents three issues for the Court's consideration:

(1) Whether the judgment of the district court is error as a matter of law?

- 4 -

(2) Whether the district court erred in admitting House Bill No. 36 and proposed senate amendments thereto?

(3) Whether the district court erred in permitting testimony regarding senate debate on proposed amendments to House Bill No. 36?

Issue (1). The state contends "significant" differences exist between plaintiff's electronic games and the live versions so as to render plaintiff's games illegal. It cites as "significant differences" (a) the increased accessibility to customers and economic advantages to operators resulting from use of electronic games, (b) the play of man against machine rather than against other players, (c) speed of play, (d) method of selection of numbers, (e) equipment used, and (f) the number of players who may play the game.

While we agree with defendant's contention that differences do indeed exist between the live games of bingo and keno and plaintiff's electronic games, we cannot agree that those differences are legally significant. For such differences to be legally significant they must be among the legal factors used by the legislature in formulating the definition of legal bingo. The appropriate definitional section of the Montana Bingo and Raffles Law, section 62-716, R.C.M. 1947, states in pertinent part:

> "(1) 'Game of chance' means the specific kind of game of chance commonly known as:
>
> "(a) 'bingo' in which prizes are awarded on the basis of designated numbers or symbols on a card which conform to numbers or symbols selected at random; * * *
>
> "(2) 'Equipment' means:
>
> "(a) With respect to bingo, the receptacle and numbered objects drawn from it, the master

board upon which such objects are placed as drawn, the cards or sheets bearing numbers or other designations to be covered and the objects used to cover them, the boards or signs, <u>however operated</u>, used to announce or display the numbers or designations as they are drawn, public address system, and <u>all other articles essential to the operation, conduct and playing of bingo</u> * * *." (Emphasis supplied).

With the exception of the method of selection of the winning number or symbol, no mention is made in the definitional section on bingo of any of the distinctions relied on by defendant for declaring plaintiff's electronic games illegal. In addition to prize restrictions, section 62-716 (1)(a), merely requires:

1. The game be the kind commonly known as bingo.

2. Prizes be awarded on the basis of designated numbers or symbols on a card which conform to numbers or symbols selected at random.

In ascertaining whether plaintiff's mechanical-electronic games satisfy these definitional requirements, we first note that defendant concedes in its brief one of the key requirements, that plaintiff's machines do operate so as to select winning numbers or symbols at random. There was an extended examination of the electronic method of number selection in the record, which reveals the selection is random if the winning numbers cannot be predetermined by the game owner or operator and there is no method by which the house or game operator has any control over the selection of winning numbers during play or operation of the games.

As to the mechanical or electronic nature of plaintiff's bingo and keno games, we see no violation of the statutory definition for section 62-716 (2)(a), provides for various items of bingo equipment "however operated". In addition, raffle equipment defined in the same statutory section, section 62-716 (2)(b), includes

"* * * implements, devices, and <u>machines</u> * * *". (Emphasis added.)
Such language clearly indicates there is no legislative intent
demonstrated in the statute to prohibit the use of mechanical or
electronic operated bingo machines or devices.

Finally, none of <u>defendant's</u> other suggested differences
are factors to be considered in construing the statutory defini-
tion of bingo. Thus the language of section 62-716, R.C.M. 1947,
is unambiguous and clearly contemplates plaintiff's Bonus Bingo
and Raven Keno as being games "commonly known as bingo". We
therefore hold that it is unnecessary to apply any rules of statu-
tory construction because as this Court stated in Dunphy v.
Anaconda Company, 151 Mont. 76, 80, 438 P.2d 660:

> "* * * The intention of the Legislature must first
> be determined from the plain meaning of the words
> used, and if interpretation of the statute can be
> so determined, the courts may not go further and
> apply any other means of interpretation. * * *
> Where the language of a statute is plain, unabmigu-
> ous, direct and certain, the statute speaks for
> itself and there is nothing left for the court to
> construe. * * * The function of the court is simply
> to ascertain and declare what in terms or in substance
> is contained in the statute and not to insert what
> has been omitted. * * *"

While we find the material objected to in defendant's
Issues (2) and (3) interesting, we do not feel compelled to
consider or discuss these matters. The legislative intent can
be determined from the plain meaning of the words used which
are unambiguous, direct and certain and the statute speaks for
itself.

We find no error on the part of the trial court. The
only substantive evidence produced at the trial supports the
judgment and we affirm.

_____
                 Justice

We concur:

_Frank I. Haswell_

_Wesley Castles_

_____

Justices.

_R.D. McPhillips_

Hon. R.D. McPhillips, District
Judge, sitting for Mr. Chief Justice
James T. Harrison.