No. 82-153

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

GALLATIN COUNTY, a political
subdivision of the State of
Montana,

Plaintiff and Appellant,

vs.

D & R MUSIC AND VENDING, INC.,
a Montana Corporation,

Defendant and Respondent.

Appeal from: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin
Honorable H. William Coder, Judge presiding.

Counsel of Record:

For Appellant:

Marc Racicot argued, Assistant Attorney General, County
Prosecutor Services, Helena, Montana
Donald White, County Attorney, Bozeman, Montana

For Respondent:

Harrison, Loendorf & Poston, Helena, Montana
John Poston argued, Helena, Montana
Goetz, Madden and Dunn, Bozeman, Montana
James Goetz argued, Bozeman, Montana
Wellcome & Frost, Bozeman, Montana

Submitted: November 8, 1982

Decided: December 9, 1982

Filed: DEC 9 - 1982

_Thomas J. Kearney_
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

On December 30, 1981, a peremptory writ of mandamus was issued by the Eighteenth Judicial District Court ordering the Sheriff and County Commissioners of Gallatin County to immediately accept D & R Music and Vending's and CM Lounge's applications for licenses to operate Keno games and to issue such licenses if the applications were in order. Gallatin County now appeals the writ of mandamus and accompanying findings of fact and conclusions of law declaring Keno to be legal. We affirm.

This matter is a consolidation of three separate actions. Gallatin County filed an action August 4, 1981, naming D & R Music and Vending as defendant and seeking a declaratory judgment regarding the legality of Keno. A second count was included concerning the legality of electronic poker machines.

Then on August 6, 1981, D & R Music and Vending and Gary Ferguson, d/b/a CM Lounge, filed a mandamus action against Gallatin County to compel the Sheriff to issue them licenses to operate Keno games.

On August 6, 1981, Gallatin County filed criminal charges against Roger Hougen and Thomas Young, charging them with: Count I - Making an Unlawful Bingo Prize Award of Cash; and Count II - Operating a Prohibited Gambling Game, the Game of Keno. An agreement was later reached whereby the defendants filed an action for declaratory judgment to determine the legality of the game of Keno under the Bingo and Raffles Act, Title 23, Chapter 5, Part 4, MCA, in return for the dismissal of the criminal charges against them.

Counsel for all parties agreed on November 24, 1981, to the consolidation of the three actions. On December 14, 1981, the cases came on for hearing before Judge William Coder. The parties agreed to sever the Keno issue from the

-2-

electronic poker issue and to submit the Keno issue on motion for summary judgment. Following the hearing, Judge Coder declared Keno to be legal and issued the writ of mandate. In its appeal of that decision, Gallatin County presents the following issues for our review:

(1) Whether Keno is a legal game under the Montana Bingo and Raffles Act?

(2) Whether the District Court erred in granting to D & R Music and Vending and Gary A. Ferguson, d/b/a CM Lounge, the writ of mandamus commanding the Sheriff and County Commissioners of Gallatin County to accept respondents' applications for licenses to conduct Keno games?

The parties stipulated to the following description of the game of Keno:

> "A player will mark from one to ten numbers on a playing card, which is numbered from 1 to 80 consecutively. The player will pay 50 cents per playing card to enter the card into the game. The keno-selecting device is an enclosed bubble-like apparatus containing 80 ping pong balls marked with the numbers 1 through 80, consecutively.
>
> "Air is forced into the enclosure to cause the ping pong balls to be randomly mixed. As the balls are being mixed, a small tube is opened to allow some balls to randomly bounce through the opening and into the tube. The size of the tube allows 20 balls to be selected per game.
>
> "The numbers to be played during the game are taken from the 20 balls that have entered the tube. The 20 numbers from the selected balls are displayed on a number board near the keno device. The numbers selected will be lit on the board. The player then compares the card that he marked with the numbers selected.
>
> "A player has a winning card if a sufficient number of the numbers he marked on his card match the numbers selected by the device. Example: 'and then there are three columns. On the left hand, it says "mark"; middle column, "match"; and the right-hand column, "pay." And the first line under mark four matches number two, pay is 50 cents, on the second line, mark number 5, match number 3, pay $2. . .'" Tr. pp. 10-11.

-3-

The Bingo and Raffles Act authorizes as legal certain games of chance. Section 23-5-411, MCA. One of those legal "games of chance" is:

> "'bingo', in which prizes are awarded on the basis of designated numbers or symbols on a card which conform to numbers or symbols selected at random;" Section 23-5-402(1)(a), MCA.

Clearly, the description of Keno stipulated to by the parties in this action fits the above definition of the legal game of Bingo. Players designate numbers on a card. The Keno operator then selects random numbers. If the players' designated numbers conform to the operator's selected numbers, prizes are awarded. Therefore, Keno is Bingo as defined in the Bingo and Raffles Act, and is legal.

In Treasure State Games, Inc. v. State of Montana (1976), 170 Mont. 189, 551 P.2d 1008, we considered the legality of electronic Keno. In that opinion, we cited the following findings of fact of the District Court:

> "11. That the game of Keno fits within the definition of Bingo and such a game is allowable in Montana under the Bingo and Raffle Law of 1974.
>
> "12. That the game of Keno is currently played in Montana and the defendants [State of Montana] concede said game is lawful under the Bingo and Raffle Law of 1974." 170 Mont. at 191, 551 P.2d at 1009.

Based upon the State's concession as to the legality of Keno, we held electronic Keno to be a legal electronic simulation of a legal game. Today, we specifically hold the game of Keno to be legal under the Bingo and Raffles Act and reaffirm our decision in Treasure State Games, supra.

Finally, the writ of mandamus was the proper remedy. In State ex rel. Konen v. City of Butte (1964), 144 Mont. 95, 394 P.2d 753, we held:

-4-

> ". . .it has been pointed out that mandamus
> against a public officer or body is a more
> adequate remedy than a declaratory judgment,
> because mandamus commands performance, while
> a declaratory judgment simply pronounces the
> duty to be performed."  144 Mont. at 102, 394
> P.2d at 757.

The instant writ of mandamus was directed toward public officers, the Sheriff and the County Commissioners.  It commanded them to accept respondents' applications for licenses to operate Keno machines.  It was the most adequate remedy available.

The decision of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

-5-

Mr. Justice Daniel J. Shea, specially concurring:

I agree with the majority opinion upholding the legality of Keno. We upheld electronic keno in Treasure State Games, Inc. v. State of Montana (1976), 170 Mont. 189, 551 P.2d 1008, as the opinion notes, and electronic keno is but an electronic version of the basic game of keno. I specially note that keno was upheld as permissible under the Bingo and Raffles Act of 1974. What I cannot understand however, is the failure of the county prosecutors in this State to enforce the provisions of the Bingo and Raffles Act which expressly forbids playing either bingo or keno for money prizes.

Recently the association of the county attorneys of this state have assumed a near vigilante role in their efforts to enforce a new law and order theme in this state--apparently their law and their order. In the last general election those county attorneys attacked this Court with a vengeance, screaming in effect that this Court was soft on crime--whatever that may mean.

But it is equally clear that these same prosecutors, in their efforts not to offend the local powers that be who may adversely affect their re-election possibilities or who may confer other benefits on those who close their eyes to gambling violations, have permitted violations which they must know are occurring in their respective counties on a daily and virtually hourly basis. Most notably these prosecutors have failed to enforce the Bingo and Raffles Act which prohibits either bingo or keno from being played for money prizes.

It is common knowledge in this state that keno is played with the expectation that a winner will receive money if he wins. But what most people do not understand is that it is illegal to play for money or to pay money to those who win keno games.

-6-

During the oral argument of this case, the attorneys for both sides agreed that it was illegal for anyone who runs keno games to pay cash prizes. In fact, they agreed it was expressly prohibited by statute, namely section 23-5-412, MCA. That statute provides:

> "Bingo prizes [which include Keno for purposes here] must be in tangible personal property only and not in money, cash, stocks, bonds, evidences of indebtedness, or other intangible personal property and must not exceed the value of $100 for each individual bingo award. The price for an individual bingo (keno) card shall not exceed 50 cents. It shall be unlawful to, in any manner, combine any awards so as to increase the ultimate value of such award."

This statute has been in effect since 1974 and I have no doubt that keno has been played in a great many establishments in Montana since that time. This statute has, however, been totally ignored by the county attorneys of this state. Why it has been ignored is only a question each county attorney can answer who permits keno to be played in his county for cash or money prizes.

It is more than a little difficult for me to believe that these prosecutors truly have equal justice in mind when they so arrogantly fail to enforce the gambling laws. Whether keno is played for cash or money prizes is not my concern. What is my concern is that the statute forbids it and yet those same county attorneys who prance so arrogantly on their white steeds, have closed their eyes to this most open violation of the law of this state.

_____
                          Justice

-7-