MR. JUSTICE SHEA,
specially concurring:
I agree with the majority opinion upholding the legality of Keno. We upheld electronic keno in Treasure State Games, Inc. v. State of Montana (1976), 170 Mont. 189, 551 P.2d 1008, as the opinion notes, and electronic keno is but an electronic version of the basic game of keno. I specially note that keno was upheld as permissible under the Bingo and Raffles Act of 1974. What I cannot understand however, is the failure of the county prosecutors in this State to enforce the provisions of the Bingo and Raffles Act which expressly forbids playing either bingo or keno for money prizes.
Recently the association of the county attorneys of this state have assumed a near vigilante role in their efforts to enforce a new law and order theme in this state-apparently their law and their order. In the last general election those county attorneys attacked this Court with a vengeance, screaming in effect that this Court was soft on crime — whatever that may mean.
But it is equally clear that these same prosecutors, in their *414 efforts not to offend the local powers that be who may adversely affect their re-election possibilities or who may confer other benefits on those who close their eyes to gambling violations, have permitted violations which they must know are occurring in their respective counties on a daily and virtually hourly basis. Most notably these prosecutors have failed to enforce the Bingo and Raffles Act which prohibits either bingo or keno from being played for money prizes.
It is common knowledge in this state that keno is played with the expectation that a winner will receive money if he wins. But what most people do not understand is that it is illegal to play for money or to pay money to those who win keno games.
During the oral argument of this case, the attorneys for both sides agreed that it was illegal for anyone who runs keno games to pay cash prizes. In fact, they agreed it was expressly prohibited by statute, namely section 23-5-412, MCA. That statute provides:
“Bingo prizes [which include Keno for purposes here] must be in tangible personal property only and not in money, cash, stocks, bonds, evidences of indebtedness, or other intangible personal property and must not exceed the value of $100 for each individual bingo award. The price for an individual bingo (keno) card shall not exceed 50 cents. It shall be unlawful to, in any manner, combine any awards so as to increase the ultimate value of such award.”
This statute has been in effect since 1974 and I have no doubt that keno has been played in a great many establishments in Montana since that time. This statute has, however, been totally ignored by the county attorneys of this state. Why it has been ignored is only a question each county attorney can answer who permits keno to be played in his county for cash or money prizes.
It is more than a little difficult for me to believe that these prosecutors truly have equal justice in mind when they so arrogantly fail to enforce the gambling laws. Whether keno is played for cash or money prizes is not my concern. What *415 is my concern is that the statute forbids it and yet those same county attorneys who prance so arrogantly on their white steeds, have closed their eyes to this most open violation of the law of this state.