No. 82-272

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

THE STATE OF MONTANA,

        Plaintiff and Appellant,

  -vs-

SAM JOHNSON, CHRIS JOHNSON, PAT (DOE)
HAMILTON AND ROBERT GRAHAM,

        Defendants and Respondents.

FILED

MAR 17 1983

Ethel M. Harrison
CLERK OF SUPREME COURT
STATE OF MONTANA

Appeal from: District Court of the Fifth Judicial District,
In and for the County of Madison, The Honorable
Mark P. Sullivan, Judge presiding.

Counsel of Record:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Loren Tucker, Virginia City, Montana

    For Respondent:

        Chester L. Jones, Virginia City, Montana

Submitted:    January 10, 1983

Decided:    March 17, 1983

Filed:    MAR 17 1983

Ethel M. Harrison
_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendants were charged with the offenses of maintaining a bingo/keno game in which cards/chances may be purchased in excess of $.50 in violation of section 23-5-412, MCA, and using, possessing, operating, keeping, and maintaining a slot machine in violation of section 23-5-104, MCA.

After consolidation of the charges against defendants, the District Court of the Fifth Judicial District in and for the County of Madison, dismissed both counts against all defendants. The State appeals.

Defendant, Robert Graham, is the owner of The Blue Anchor Bar and Cafe in Twin Bridges, Montana. Defendants, Sam and Chris Johnson own, and defendant, Pat (Doe) Hamilton works at, the Longbranch Saloon and Supper Club in Ennis, Montana. On April 22, 1982, the Madison County sheriff enlisted Dillon police officers to investigate the Longbranch and The Blue Anchor after the sheriff received information that keno machines in Madison County were paying cash rewards. At each of the bars the police officers found a machine labeled "High Country Keno." Each of the machines displayed a sign which read: "Win $100.00."

The officers investigated the machines at the two establishments for approximately five hours. Apparently, the machines are operated by inserting coins into a slot on the machine. Each bet costs $.25 and up to eight bets can be purchased on a single play. The officers gambled $29.50 in the course of their investigation and won $12.50. The prize money did not come directly from the machine, but was paid to the officers by Hamilton and Graham.

On May 20, 1982, the State obtained leave to file an Information against all defendants. On that day, Informations were filed charging defendants Johnson and Hamilton, and defendant, Graham, with Count I; violations of section 23-5-104, MCA, using, operating, possessing, keeping, and maintaining a slot

machine, and Count II; violations of section 23-5-412, MCA, maintaining a bingo/keno game in which cards/chances may be purchased in excess of $.50.

On July 1, 1982, the Johnson-Hamilton case and the Graham case were consolidated by order of the District Court. On July 16, 1982, the District Court entered an order dismissing both counts against all defendants. In the order the District Court stated both counts were dismissed for lack of probable cause. The State appeals from the District Court's ruling.

The issues raised on appeal are as follows:

1. Whether the District Court erred in dismissing Count I of the Information which charged defendants with the illegal possession of a slot machine in violation of section 23-5-104, MCA, for lack of probable cause.

2. Whether the charge contained in Count II of the Information states an offense under section 23-5-412, MCA.

3. Whether the District Court erred in dismissing Count II of the Information which charged defendants with maintaining a bingo/keno game in which cards/chances could be purchased in excess of $.50 in violation of section 23-5-412, MCA, for lack of probable cause.

Count I of the Information charged defendants with the illegal possession of a slot machine. Slot machines are defined by section 23-5-101, MCA:

> "(1) A slot machine is defined as a machine operated by inserting a coin, token, chip, trade check, or paper currency therein by the player and from the play of which he obtains or may obtain money, checks, chips, tokens, or paper currency redeemable in money. Merchandise vending machines where the element of chance does not enter into their operation are not within the provisions of this part."

Section 23-5-104, MCA, states it shall be a misdemeanor to "use, possess, operate, keep, or maintain for use" any slot machine. The affidavits of probable cause filed with the motions for leave to file Information by the State states investigating officers placed bets from one to eight quarters per game, into

- 3 -

machines labeled "High Country Keno," at establishments owned by defendants. At each establishment the officers were able to put a quarter(s) into the machine, the play of which won $12.50 paid by the bartender.

The District Court dismissed Count I of the Information for lack of probable cause. The District Court held "High Country Keno" is essentially the same as the "Raven Keno Game" which this Court ruled legal in Treasure State Games v. State of Montana (1976), 170 Mont. 189, 551 P.2d 1008. Section 46-11-201, MCA, grants leave to file an Information, "if it appears that there is probable cause to believe that an offense has been committed by the defendant." The State argues it need not demonstrate a prima facie case in the charging documents, only show probable cause to believe an offense has been committed. We agree. Section 25-5-104, MCA, prohibits the use or operation of slot machines. The State claims "High Country Keno" is a slot machine, the defendants claim it is not. There is no record to determine whether the machine is or is not a slot machine. However, the State has shown probable cause in its affidavits that an offense has been committed and that is all that is necessary. We cannot determine whether the "High Country Keno" game is exactly the same as the "Raven Keno Game" declared legal in Treasure State Games for there are no findings in the record from which a determination can be made. We hold the District Court's order dismissing Count I of the Information was in error.

Next, we will address issues two and three together as they both challenge the dismissal of Count II of the Information. Count II charges defendants with "maintaining a bingo/keno game in which cards/chances may be purchased in excess of $.50," in violation of section 23-5-412, MCA. In Treasure State Games, supra, and Gallatin County v. D & R Music and Vending (1982), _____ Mont. _____, 654 P.2d 998, 39 St.Rep. 2197, this Court has ruled keno and electronic keno are legal under the Bingo and Raffles Act, section 25-5-401, et seq., MCA. Section 25-5-412,

- 4 -

MCA, states: "The price for an individual bingo card shall not exceed 50 cents."

The District Court ordered Count II dismissed for the reason that the statute states an "individual" card may not exceed $.50 yet the language in the Information is "cards/chances may be purchased in excess of $.50." The District Court held the plurality of the language in the charge simply does not state an offense under section 23-5-412, MCA. The affidavit filed with the motion for leave to file Information states a bet of up to eight quarters can be made and "the more the bet, the higher the payoff." Defendants claim the machine takes separate $.25 bets which are cumulated for the purpose of increasing the odds in favor of the player. The State argues the bets are not separate but are actually one bet which exceeds the $.50 limit. As stated above, an Information need only show "probable cause to believe an offense has been committed." Again, this Court has no record from which we can determine the legality of the bets. We do find that the affidavit does show probable cause that an offense has been committed and dismissal of Count II of the Information was in error.

Reversed and remanded to the District Court for further proceedings.

We concur:

_____
Justice

_____
Chief Justice

_____

_____

_____
Justices

- 5 -

I respectfully dissent.

The State here seeks to have the courts declare an electronic simulation of keno to be a slot machine and thus impose the sanctions found in sections 23-5-121 and 23-5-122. The latter two sections authorize seizure and confiscation of slot machines. These sanctions would authorize confiscation of keno machines if in fact they are slot machines being operated in violation of section 23-5-104, MCA.

In Treasure State Games v. State of Montana (1976), 170 Mont. 189, 551 P.2d 1008, this Court held that keno machines were electronic simulations of keno or bingo games and as such were legal. We did not determine whether cash payoffs could be made. However, keno is legal under the Bingo and Raffles Act, section 25-5-401, et seq., MCA, wherein cash prizes are not authorized.

The issue becomes whether payment of cash prizes removes keno machines from the auspices of the Bingo and Raffles Act and converts an otherwise lawful keno machine to a slot machine.

Business people have relied in good faith upon our decision in Treasure State and invested in keno machines believing that the electronic simulation of keno was authorized. Without ever previously ruling that cash payoffs were illegal, we now surprise these good faith investors with a ruling which allows confiscation of their investments.

I would affirm the district court ruling that the State cannot prosecute violation of the Bingo and Raffles Act by permitting confiscation of these machines as slot machines.

Justice

6

I agree completely with the dissent of Justice Morrison.


_____
                Justice

_____
                Justice