MR. CHIEF JUSTICE HASWELL
delivered the Opinion of the Court.
*140 The question in this case is whether an electronic poker machine called Draw-80 Poker is legal in Montana. The District Court held it was. We reverse.
This matter arose with the Gallatin County attorney requesting a declaratory judgment that electronic poker machines be declared slot machines and therefore illegal. Contemporaneously, a mandamus action was pending in the same court requesting Gallatin County be required to license keno machines. The mandamus action was brought by respondent D & R Music and Vending, Inc. (hereinafter “D & R”). D & R then moved and was allowed to enter the declaratory judgment suit as a defendant. The declaratory judgment suit was then consolidated with the pending mandamus action under Rule 20(a), M.R.Civ.P. The matter was then bifurcated into two causes, one of which, involving the legality of keno machines, has been decided by this Court in Gallatin County v. D & R Music & Vending (Mont. 1982), [201 Mont. 409,] 654 P.2d 998, 39 St.Rep. 2197. The second part of the matter is this case which involves the legality of electronic poker machines. On September 24, 1982, the Gallatin County District Court entered judgment holding electronic poker machines legal and authorized by the Montana Card Games Act. We reverse.
Three issues are presented by the parties for our review:
1. Whether the game played on the electronic poker machines is the game of poker as described and authorized by the Montana Card Games Act.
2. Whether the electronic poker machines are slot machines as defined in section 23-5-101, MCA.
3. Whether the Montana Card Games Act authorizes the playing of poker in which the house competes against a single player.
I
The first issue is whether the game played on electronic poker machines is the game of poker as described and authorized by the Montana Card Games Act. The machines at *141 issue consist of a computer, a video screen, accompanying electronics, and a receptacle for holding coins. Fifty-two characters can be displayed on the screen simulating a deck of cards. The characters appear on the screen through a random generating pattern.
The machines are activated by placing a quarter or numerous quarters in the coin slot and the player receives one credit for each quarter deposited. After deciding the number of credits to bet, the player presses a button which causes the images of five playing cards to appear on the screen. The machine then determines whether the images appearing on the screen represent a winning combination. The player then has the option to change the images by pressing other buttons to erase certain images and to cause new randomly-selected images to appear. Again, the machine determines which groups of images represent winning combinations. Winning credits are displayed on the screen and payoffs are made in cash by the player redeeming his credits from the proprietor.
The machine is programmed to retain a certain percentage of all money deposited. This retention percentage is primarily determined by the number of winning combinations programmed into the machine. The retention percentage in Montana is between 22 and 25 percent.
The Montana Card Games Act of 1974 provides:
“(2) The card games authorized by this part are and are limited to the card games known as bridge, cribbage, hearts, panguingue, pinochle, pitch, rummy, whist, solo, and poker.” Section 23-5-311(2), MCA.
While the term “poker” is not precisely defined by statute, the word “is of ancient and common understanding.” Palmer v. State (Mont. 1981), 625 P.2d 550, 552, 38 St.Rep. 447, 450. It is a game played by individuals with one player pitting his skills and talents against those of the other players. No variation of poker involves only one player. It is a game played with playing cards, not with electronic images displayed on a screen. Poker is a game of *142 skill and chance. It is not a game programmed so that no one wins a certain percentage of the time.
After reviewing the file, the evidence and the documentation provided by acknowledged experts in the field, we conclude that the electronic game played on these machines is not poker. Accordingly, it is not authorized by the Montana Card Games Act and is consequently illegal thereunder.
II
The second issue is whether the electronic poker machines are slot machines under section 23-5-101, MCA.
The statute defines a slot machine as . . a machine operated by inserting a coin, token, chip, trade check, or paper currency therein by the player and from the play of which he obtains or may obtain money, checks, chips, tokens, or paper currency redeemable in money . . .” Section 23-5-101(1), MCA. We find no discrepancy between this statutory definition and the operation of the gambling machines. The player activates the machine by inserting a single quarter or numerous quarters. If he wins, he is awarded credits which are redeemable by the proprietor in cash. The statutory definition is clear and unambiguous. The operating procedures of the machine are also clear and unsophisticated, and we find it impossible to distinguish between a slot machine as defined by statute and an electronic “poker” machine.
When the language of the statute is clear and unambiguous, no parol evidence is permissible. Under the same circumstances, no other rules of statutory construction come into play. The statutory language here is perfectly clear and therefore need only be applied — not interpreted. Under the language of Section 23-5-101, MCA, the electronic “poker” machine is clearly a slot machine and as such expressly barred by the legislature from operation within this state.
*143 III
The third issue is whether the Montana Card Games Act authorizes the playing of poker in which the house competes against a single player.
“. . . The Act expresses the legislative intention that only certain card games by which participants vie against one another, inter se, shall be authorized and that card games where each player vies against the house are prohibited. The obvious legislative purpose is to ban casino-type gambling.” Palmer, 625 P.2d at 551-552, 38 St.Rep. at 449.
In the case at bar, the machine represents the house. In addition, considering the programmed retainage, the house and the player do not vie equally against each other. The player must lose a certain percent of the time. The legislature clearly intended to bar games in which a player vies against the house. It must be held that the legislature would even more vehemently prohibit a game where the house and the player do not have an even chance at success. We therefore hold that these games where one player vies against the house are barred by the legislature and therefore illegal.
IV
In summary we hold:
(1) The electronic gambling machine known as Draw-80 Poker does not qualify as a game of poker and is therefore not authorized under the Montana Card Games Act;
(2) The electronic poker machines are slot machines as defined by Section 23-5-101, MCA; and,
(3) The Montana Card Games Act does not authorize the playing of “poker” wherein a single player competes against the house.
We reverse. Judgment is entered in accordance with this opinion.
*144 MR. JUSTICES GULBRANDSON, WEBER and HARRISON concur.