No. 85-263

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

MONTANA CONTRACTORS' ASSOCIATION,
INC., a nonprofit Montana corp.,

      Plaintiff and Appellant,

-vs-

DEPARTMENT OF HIGHWAYS, of the State
of Montana, an executive agency of the
State; DEPARTMENT OF COMMERCE of the
State of Montana, et al.,

      Defendants and Respondents.

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Gough, Shanahan, Johnson & Waterman; Ward A. Shanahan
argued, Helena, Montana

      For Respondent:

            James R. Beck, Dept. of Highways, Helena, Montana
Robert J. Wood, Dept. of Commerce, Helena, Montana
Robert M. McCarthy, Butte-Silver Bow County Attorney,
Butte, Montana
Patrick Paul, County Attorney, Great Falls, Montana
David Gliko, City Attorney, Great Falls, Montana
Jim Nugent argued, City Attorney, Missoula, Montana
Robert L. Deschamps, Missoula County Attorney,
Missoula, Montana

---

Submitted: November 27, 1985

Decided: March 14, 1986

Filed: MAR 14 1986

_Ethel M. Harrison_

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The appellant, Montana Contractors' Association, appeals from an order of the Lewis and Clark County District Court granting respondents' motion for summary judgment.

We affirm.

The issue on appeal is whether the District Court correctly interpreted § 15-70-101(4), MCA.

There is no substantial dispute about the facts in this case. Appellant is a nonprofit organization of persons, firms, partnerships and corporations engaged in the business of highway construction and supply of construction materials. Appellant filed an action in District Court seeking an interpretation of § 15-70-101, MCA, dealing with disposition of gasoline and vehicle fuel tax monies. The relevant portions of the statute are as follows:

> 15-70-101. Disposition of Funds. All taxes, interest, and penalties collected under this chapter shall be turned over promptly to the state treasurer who shall place the same in the state special revenue fund to the credit of the department of highways. Those funds hereinbelow allocated to cities, towns, and counties shall be paid by the department of highways from the state special revenue fund to such cities, towns, and counties. . . .
>
> (4) All funds hereby allocated to counties, cities, and towns shall be disbursed to the lowest responsible bidder according to applicable bidding procedures followed in all cases where the contract for construction, reconstruction, maintenance, or repair is in excess of $4,000.

The parties admit that not all monies allocated pursuant to § 15-70-101(4), MCA, have been disbursed to the lowest responsible bidder. Respondents argue that the statute gives them the option of either contracting with private businesses for performance of construction work, or performing the work

- 2 -

themselves with their own in-house personnel. Only if the municipality or county chooses to submit the work to private contractors, and the cost is in excess of $4,000, must it disburse the funds to the lowest responsible bidder according to applicable bidding procedures. Respondents have followed this practice since § 15-70-101(4), MCA, was enacted in 1974.

Appellant argues that the statute requires municipalities and counties to submit all highway construction work to bids in all cases where the cost of construction is in excess of $4,000.

Following rejection of procedural motions at a hearing held December 12, 1984, the District Court proceeded to consider the case on cross-motions for summary judgment and the matter was deemed submitted on briefs on December 24, 1984. On March 25, 1985, the court entered its opinion and order which found that this was a proper case for declaratory judgment under § 27-8-202, MCA, and also concluded that the motion of the respondents for summary judgment must be granted. The court interpreted § 15-70-101(4), MCA, to mean that funds must be disbursed according to applicable bidding procedures to the lowest responsible bidder only in cases where the cost of construction is in excess of $4,000, and where the municipality or county elects to submit its street and alley construction, reconstruction, maintenance or repair to private contractors. Appellant's motion for summary judgment was denied. This appeal followed.

One function of the Supreme Court is to construe legislation. In re Powell's Estate (1963), 142 Mont. 133, 381 P.2d 957. In construing a statute, this Court will look first to the language used. If the statutory language is clear and unambiguous, the statute speaks for itself and

there is nothing left for the Court to construe. Gallatin County v. D & R Music & Vending, Inc. (Mont. 1984), 676 P.2d 779, 41 St.Rep. 224; Sink v. School District No. 6 (1982), 199 Mont. 352, 649 P.2d 1263. Where the language of the statute is ambiguous, however, the Court resorts to rules of statutory construction. State v. Moore (1977), 174 Mont. 292, 570 P.2d 580. The primary rule of statutory construction is that the Court must attempt to discern and give effect to the intention of the legislature. Section 1-2-102, MCA. State v. Hubbard (1982), 200 Mont. 106, 649 P.2d 1331.

The initial step is to determine whether § 15-70-101(4), MCA, is clear and unambiguous. We hold that it is not. That subsection lends itself to at least two possible interpretations. As the District Court found, the statute can reasonably be interpreted to mean bidding is required for all projects which cost more than $4,000, as appellant contends. Alternatively, it can reasonably be interpreted to mean that contracting is not required, but should a municipality or county choose to contract, then it must follow "applicable bidding procedures in all cases where the contract . . . is in excess of $4,000," as respondents contend. Since § 15-70-101(4) is reasonably subject to more than one interpretation, it is necessary for this Court to construe the statute.

The next step is to determine the intent of the legislature in enacting § 15-70-101(4), MCA. Legislative intent can be determined in a number of ways. First, this Court presumes that the legislature would not pass meaningless legislation, and the Court must harmonize statutes relating to the same subject, giving effect to each.

Crist v. Segna (Mont. 1981), 622 P.2d 1028, 1029, 38 St.Rep. 150, 152. Second, the Court can look to the legislative history of the statute. Department of Revenue v. Puget Sound Power and Light Co. (1978), 179 Mont. 255, 587 P.2d 1282. Third, great deference and respect must be shown to the interpretations given the statute by the officers and agencies charged with its administration. State by and through its Dept. of Highways v. Midland Materials (Mont. 1983), 662 P.2d 1322, 40 St.Rep. 666; Northern Cheyenne Tribe v. Hollowbreast (1976), 425 U.S. 649, 96 S.Ct. 1793, 48 L.Ed.2d 274.

There are numerous statutes other than § 15-70-101, MCA, that deal with the reconstruction, maintenance and repair of highways, alleys, streets and the like. A review of those statutes indicates no limitation such as that advocated by the appellant. Rather, the statutes are replete with authorizations for such work to be done by municipality and county in-house personnel. For example, § 60-2-112, MCA, states:

> . . . (3) The [Highway] commission may enter into contracts with units of local government for the construction of projects without competitive bidding if it finds that the work can be accomplished at lower total costs. . . .

Section 60-2-201, MCA, states:

> (1) The department [of Highways] may plan, lay out, alter, construct, reconstruct, improve, repair, and maintain highways on the federal-aid systems and state highways. . . .

Section 7-14-4109, MCA, authorizes a city to construct or cause a sidewalk, curb, gutter, or alley approach to be constructed. If a contractor fails to complete a construction contract, § 7-12-4152, MCA, allows the city to either relet the contract or complete the contract itself.

Section 7-12-4405, MCA, authorizes cities and towns to prepare and improve streets, avenues, and alleys within the maintenance districts. Many other such statutory authorizations exist. Sections 7-14-4108, MCA; 7-12-4401, MCA; 7-3-4442, MCA; 7-3-1332, MCA.

When determining legislative intent, our interpretation must be reasonable. Section 1-3-233, MCA. Grossman v. State Department of Natural Resources (Mont. 1984), 682 P.2d 1319, 41 St.Rep. 804. The above-named construction statutes do not involve gasoline tax dollars, and contain no requirement that the municipalities or counties contract. It would be unreasonable to assume that the legislature allows municipalities and counties to expend all other monies for construction without contracting, but anytime a gasoline tax dollar is involved a contracting requirement arises.

The legislative history of § 15-70-101(4), MCA, also supports respondents' contentions. In 1979, the legislature considered an amendment which would have replaced the word "contract" in § 15-70-101(4), MCA, with the word "cost." Such a change would have clearly supported appellant's present argument. The legislature chose not to adopt this amendment. In 1985, the legislature again considered amending § 15-70-101(4), MCA. The proposal would have required all gasoline tax money to be disbursed only by contract to the lowest responsible bidder. That amendment was tabled in the House Local Government Committee. The refusal of the legislature to adopt either of these amendments is significant. It at least suggests that the legislature did not want to force municipalities and counties to contract all construction work to the lowest responsible bidder.

Finally, the interpretation given to § 15-70-101(4), MCA, by the Montana Highway Department, the Department of Commerce, and the municipalities and counties of the State also support respondents' position. As we indicated in Midland, 662 P.2d at 1325, great deference and respect must be shown to the interpretation given a statute by the officers or agencies charged with its administration. For the past twelve years those entities charged with administration of § 15-70-101(4), MCA, have uniformly interpreted that subsection to mean that it applies only when a municipality or county chooses to contract and not when it chooses to perform the work itself. This interpretation has become an integral part of the planning and implementation of highway construction, reconstruction, maintenance, and repair programs.

For the above-stated reasons, we conclude that § 15-70-101(4), MCA, applies only when a municipality or county chooses to submit its road construction to private contractors, and hold that the District Court properly granted respondents' motion for summary judgment.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

John Conway Harrison

L. C. Gulbrandson

Justices

- 8 -

Mr. Justice Frank B. Morrison, Jr., dissenting:

I respectfully dissent to the majority opinion.

Justice Hunt's opinion in this case is well written. If I could find the statutory language ambiguous, I would sign the opinion.

Section 15-70-101, MCA, provides in relevant part as follows:

> (4) All funds hereby allocated to counties, cities, and towns <u>shall</u> be disbursed to the lowest responsible bidder according to applicable bidding procedures followed in all cases where the contract for construction, reconstruction, maintenance, or repair is in excess of $4,000. [Emphasis supplied.]

In my opinion, this statute is clear on its face. Perhaps, as the majority opinion indicates, the legislature intended for the statute to have application to those situations where counties, cities and towns chose to put a job out for bids and not to apply to those situations where the governmental entities involved decided to perform the work themselves. Certainly, the legislature is aware of the fact that these governmental entities have equipment and customarily perform this kind of work. However, the rules of statutory construction provide that the intent of the legislature is not looked to where the statute is clear on its face. This statute seems very clear and subject to no interpretation except the one advanced by appellant.

I would reverse and remand with directions to enter summary judgment in favor of the Montana Contractors' Association determining that the statute is clear in its face and that all funds allocated under the statute must be disbursed to the lowest responsible bidder.

_____
Justice

9