JUSTICE NELSON
respectfully dissents from the Court’s opinion on Issue 1 and, consistent with that position, does not reach Issues 2 or 3.
While I acknowledge that the legislature’s amendments to § 27-6-702, MCA, in 1985, created an ambiguity, I submit that we have erroneously resolved that ambiguity on the basis of what we perceive to be the intention of the legislature as derived from a legislative history that is, at best, inconclusive. In so doing, I suggest that we have impermissibly inserted into the tolling provisions of the statute by implication, a class of claims that the legislature did not include by specific language or, in default of that, by a clearly expressed intention. Section 1-2-101, MCA.
In order to fully appreciate what the 1985 amendment did and did not accomplish, it is necessary to examine the amended § 27-6-702, MCA(1987), in the context of the entire Montana Medical Legal Panel Act (Act), rather than focusing, as does the Court’s opinion, on simply the statute itself.[1]
*408 Section 27-6-102, MCA, defines the purpose of the Act as follows: The purpose of this chapter is to prevent where possible the filing in court of actions against health care providers and their employees for professional liability in situations where the facts do not permit at least a reasonable inference of malpractice and to make possible the fair and equitable disposition of such claims against health care providers as are or reasonably may be well founded.
Section 27-6-103, MCA, defines various terms used in the Act. Of importance here are the following:
(2) “Health care facility” means a facility... licensed as a health care facility under Title 50, chapter 5.
(3) “Health care provider” means a physician, a dentist, or a health care facility.
(4) “Hospital” means a hospital as defined in 50-5-101.
(5) “Malpractice claim” means any claim or potential claim of a claimant against a health care provider for medical or dental treatment, lack of medical or dental treatment, or other alleged departure from accepted standards of health care which proximately results in damage to the claimant, whether the claimant’s claim or potential claim sounds in tort or contract, and includes but is not limited to allegations of battery or wrongful death.
(7) “Physician” means: [in pertinent part] (a) ... an individual licensed to practice medicine under the provisions of Title 37, chapter 3,...
Section 27-6-105, MCA, provides, in pertinent part, that:
The [Montana Medical legal] panel shall review all malpractice claims or potential claims against health care providers.... Section 27-6-302, MCA, provides, in pertinent part, that:
The application [to the panel] shall contain the following: (1) a statement in reasonable detail of the elements of the health care provider’s conduct which are believed to constitute a malpractice claim, the dates the conduct occurred, and the names and addresses of all physicians, dentists, and hospitals having contact with the claimant and all witnesses;...
Section 27-6-304, MCA, provides, in pertinent part, that:
In instances where applications are received employing a theory of respondeat superior or some other derivative theory of recovery, the director shall forward the application to the state professional societies, associations, or licensing boards of both the indi *409 vidual health care provider whose alleged malpractice caused the application to be filed and the health care provider named a respondent as employer, master, or principal.
Section 27-6-502, MCA, provides, in pertinent part, that:
(1) At the time set for hearing, the claimant submitting the case for review shall be present and shall make a brief introduction of his case, including a resume of the facts constituting the alleged professional malpractice which he is prepared to prove. The health care provider against whom the claim is brought and his attorney may be present and may make an introductory statement of his case.
Section 27-6-602, MCA, provides, in pertinent part, that:
Upon consideration of all the relevant material, the panel shall decide whether there is: (1) substantial evidence that the acts complained of occurred and that they constitute malpractice;
Section 27-6-701, MCA, provides that:
No malpractice claim may be filed in any court against a health care provider before an application is made to the panel and its decision is rendered.
Section 27-6-702, MCA, provides in pertinent part:
The running of the applicable limitation period in a malpractice claim is tolled upon receipt by the director of the application for review as to all health care providers named in the application as parties to the panel proceeding and as to all other persons or entities named in the application as necessary or proper parties for any court action which might subsequently arise out of the same factual circumstances set forth in the application. The running of the applicable limitation period in a malpractice claim does not begin again until 30 days after either an order of dismissal, with or without prejudice against refiling, is issued from the panel chairman, or from the director upon the consent of the parties to the claim, or the panel’s final decision, whichever occurs first, is entered in the permanent files of the panel and a copy is served upon the complainant or his attorney if he is represented by counsel, by certified mail.
Reading the plain language in the Act, without referring to any past or recent legislative history, and using the terms of art as those are defined in the Act, several conclusions follow:
First, the purpose of the Act is to screen and prevent the filing in court of ill-founded claims for professional acts or omissions against *410 health care providers, which are defined to include only (i) physicians, (ii) dentists and (iii) licensed facilities. Sections 27-6-102,27-6-103(2), (3) and (7), MCA. Ethicon, being none of those, is not an entity subject to the protection of the Act.
Second, the professional act or omission (regardless of whether the theory is tort or contract) which is to be screened is “malpractice” — a term of art, defined in the Act as a claim or potential claim for medical treatment or other alleged departure from accepted standards of health care. Section 27-6-103(5), MCA.
The act or omission alleged to have been committed by Ethicon does not involve providing medical treatment or health care. Ethicon is alleged to have improperly manufactured a product — specifically, a surgical suture.
Third, the panel can only consider, hear and rule upon malpractice claims filed against health care providers. Sections 27-6-105, 27-6-302, 27-6-304, 27-6-502, 27-6-602, MCA. Ethicon is neither an entity subject to the jurisdiction of the panel, nor are its alleged acts or omissions subject to panel review, as defined in the Act.
Fourth, claimants are required to submit their claim or potential claim for “malpractice” against a “health care provider” to the panel before filing the claim in court. Sections 27-6-301, 27-6-302 and 27-6-701, MCA. There is nothing in the Act, however, to preclude a claimant from filing a related products liability suit in court at any time within the applicable statute of limitations, since the panel has no jurisdiction or review authority over any sorts of claims, except malpractice claims.
Fifth, the tolling of the statute of limitations under § 27-6-702, MCA, obviously applies to a "... malpractice claim... as to all [named] health care providers...”. Moreover, under the 1985 amendment, the statute of limitations is also tolled as to “... all other persons or entities named in the application as necessary or proper parties for any court action which might subsequently arise out of the same factual circumstances set forth in the application.” Section 27-6-702, MCA. The critical question is, however, “for what claim is the statute of limitations tolled?”
To answer that question, it is necessary to read the phrase added by the 1985 amendment in the context of the existing qualifying language of the statute both before and after the added phrase. First, the only “claim” that is referred to in § 27-6-702, MCA, (and, in fact, the only “claim” referred to in the entire Act) is the claim for “mal *411 practice,” a defined term of art — which Ethicon, by that definition, cannot commit.
Second, according to § 27-6-702, MCA, the malpractice claim is tolled:
(i) as to “health care providers,” which, again, is a defined term of art which does not include Ethicon; and
(ii) “as to all other persons or entities named in the application as necessary or proper parties” — which Ethicon could be, if it could commit “malpractice” as defined by the Act.
Third, while the “court action which might subsequently arise out of the same factual circumstances” might, arguably, include a products liability claim, again, the only claim for which the statute of limitations is tolled is the malpractice claim. That conclusion is buttressed by the sentence which immediately follows the phrase added in 1985 which states that “[t]he running of the applicable limitation period in a malpractice claim does not begin again until 30 days after...”. Section 27-6-702, MCA. Since the statute is very specific about when the statute of limitations on the malpractice claim begins to run again, it begs the question, assuming arguendo that claims besides the malpractice claim are tolled, when the statute of limitations on those latter claims begins to run after the panel’s decision. The statute is silent on that point.
Therein lies the ambiguity. Section 27-6-702, MCA, does not specify any other claim, besides the malpractice claim, for which the statute of limitations is tolled, nor does it refer to any other claim, besides the malpractice claim, on which the applicable limitation period begins to run again after the 30 days specified in the statute has elapsed.
From a plain reading of the entire Act, in context and without resort to legislative history, one necessarily concludes that the Act, including its tolling provisions, only applies to malpractice claims involving health care providers.
What, then, did the 1985 amendment accomplish? It is an established rule of statutory construction that we presume that the legislature would not pass meaningless legislation, and that we must harmonize statutes relating to the same subject, giving effect to each. Montana Contractors’ Ass’n, Inc. v. Department of Highways (1986), 220 Mont. 392, 395, 715 P.2d 1056, 1058. Furthermore, § 1-2-101, MCA, mandates that “[w]here there are several provisions or particulars, [in a statute] such a construction is, if possible, to be adopted as will give effect to all.” Hence, the need to resort to legislative history. *412 Under the Court’s rationale, there is no other way to give effect to the added language, absent giving it the construction which this Court has on the basis of what we perceive to be the intent of the legislature as gathered from the legislative history.
Were the legislature’s intent clear, I would agree with the Court’s interpretation of the statute. I do not concede, however, that the legislative history is as clearly indicative of the legislature’s intent in enacting the 1985 amendments as our opinion seems to suggest.
Literally, the only group of persons actually referred to in the legislative history to HB 738 (enacted as Ch. 332, L. 1985) as being included within the added tolling language, are nurses — who, according to the legislative history, did not want to be covered by the panel. See minutes of the House Judiciary Committee hearing on HB 738, February 19, 1985. There is no discussion in the history as to what sorts of claims the legislature intended would be covered under the added tolling language. The Act itself is silent as to who or what are “necessary or proper parties for any court action which might subsequently arise out of the same factual circumstances set forth in the application.” Section 27-6-702, MCA. It can hardly be denied that the “factual circumstances” before the panel deal with malpractice. At most, it appears that the legislature arguably intended to toll the statute of limitations as to employees of the health care provider, e.g. nurses.
If it was the legislature’s intention, by enacting the additional phraseology in § 27-6-702, MCA, to bring persons or entities other than health care providers within the tolling provisions of the statute, then the legislature merely needed to broaden the scope of the statute to include claims other than malpractice claims. Unfortunately, it failed to do that.
What the legislature did was change only one part of the statute — it expanded the tolling provisions of the statute to include “... other persons or entities named in the application as necessary or proper parties ...”, but it left the only claims tolled as being those in “malpractice” which, by definition, cannot be committed for purposes of the Act by persons or entities who are not physicians, dentists and health care facilities.
On balance, given the existing qualifying language preceding and following the language which was added by the legislature in 1985 to § 27-6-702, MCA; reading that section in the context of the entire Act; and given that the 1985 legislature made a number of other changes in the Act, it seems more appropriate to conclude that if the legisla *413 ture intended to include all parties and all claims within the tolling provisions of the statute, that it would have made the necessary changes in other provisions of the Act to clearly effect that intention which we now find implicit in the legislative history. I have difficulty in reading into the statute language which broadens the types of claims tolled on the basis of divining legislative intent from a legislative history that is, at best, inconclusive.
It should be apparent that the statutory amendment suffers from some major drafting flaws which provide a trap for the unwary. Plaintiff understandably relied on what the statute, at quick perusal, seems to say. Similarly, Ethicon can hardly be faulted for reading the statute with a great deal more care than that with which the amendment was drafted. But for the District Court’s and this Court’s generous interpretation of the amended language to give effect to what is the perceived legislative intent behind the 1985 amendment, plaintiff would be out of court. The Court’s interpretation of the statute saves plaintiff’s case, but the language added to § 27-6-702, MCA, still remains ambiguous, confusing and out of context with other provisions of the Act.
Hopefully, § 27-6-702, MCA, will be further amended and the legislature’s intent, whatever that actually is, will be made clearly evident in the language of the statute itself.
JUSTICE GRAY joins in the foregoing dissent.

 Unless otherwise specifically mentioned, all statutory references to the Act are to the 1987 version, since that is the version that was in effect when Eisenmenger filed her malpractice claim with the panel and when she filed her second complaint against Ethicon. Also, all emphasis in the cited statutes has been supplied by the author.